M. F. TAYLOR, TRUSTEE OF ELIZABETH A. GENAIL, Appellant, v. FRANCIS GENAIL, SR., Respondent.

April 19, 1881.

1. A motion for a new trial filed out of time, and without leave of court, will not carry the case over.

2. When a motion for a new trial is permitted to be filed *nunc pro tunc* and then overruled, the appellate court will presume that it was overruled as filed out of time, and will not examine the case on its merits.

APPEAL from the St. Louis County Circuit Court, ED-
WARDS, J.

*Affirmed.*

M. F. TAYLOR, *pro se.*

W. F. BROADHEAD, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

In this case it appears from the record that the motion
for a new trial was filed on May 12, 1879, and the judg-
ment entered on February 5th. On some day in 1880, but
what day does not appear, appellant filed a motion praying
that the date of the filing of the motion for a new trial be
changed, and that it be entered as of February 7, 1879.
This motion is accompanied by an affidavit which sets forth
that appellant's attorney was a member of the Legislature
and was absent in consequence of his duties as such member,
and that he had an understanding with the court that this
cause, and all causes in which he was interested, should be
passed, and not acted upon in his absence. This motion
was sustained. Afterwards, on February 18, 1880, the court
overruled the motion for a new trial.

The terms of the Circuit Court of St. Louis County are
the second Mondays of January and June. This motion for
a new trial was not filed within four days, as the statute
requires. It does not even appear that it was filed during
the term at which the judgment was rendered. At the
second term after judgment an application, founded seem-
ingly upon a misapprehension of what is meant by a *nunc
pro tunc* entry, was made by appellant. This can be regarded
only as an application for leave to do at the January term,
1880 (not the next succeeding term), what the statute re-
quires to be done at the same term and within four days of the
judgment. It does not appear how the court could grant
this leave after the term had expired. Counsel for appellant
contends that the motion for a new trial carried the case
over. But a motion for a new trial, filed, without leave of

court, after four days after the date of the judgment, would have no such effect. And as to this motion, it does not appear to have been filed during the term. How, then, can we say that the trial court committed error in overruling the motion for a new trial? The presumption, if we should find error in examining the case on the merits, would be that the trial court overruled the motion for a new trial as having improvidently permitted the motion to be filed at the January term, 1880.

According to the well-established rule, the judgment must be affirmed, as nothing appears from which we can see that the court committed error in overruling the motion for a new trial.

The judgment is affirmed. All the judges concur.